# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

## CASE NO. 2:13-cv-58-FtM-99SPC

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Orion Bank
of Naples, Florida,

      Plaintiff,

vs.

JAMES AULTMAN, EARL HOLLAND,
ALAN PRATT, and BRIAN SCHMITT,

      Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Federal Deposit

Insurance Corporation, as receiver for Orion Bank of Naples, Florida, and Defendants, James

Aultman, Earl Holland, and Brian Schmitt (collectively, the "Parties"), through their respective

counsel and subject to the Court's approval, hereby stipulate and agree as follows:

**1.**      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this litigation are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting or defending the litigation would

be warranted.  These materials specifically include materials protected from disclosure by

Sections 655.057 and 655.059 of the Florida Statutes.  Accordingly, the Parties hereby stipulate

to and petition the Court to enter the following Stipulated Protective Order ("Order").

The Parties to this Order acknowledge that the Order does not confer blanket protections

on all disclosures or responses to discovery and that the protection it affords extends only to the

limited information or items that are entitled to confidential treatment pursuant to applicable legal principles.

The Parties to this Order further acknowledge, as set forth in Section 10, that this Order creates no entitlement to file confidential information or items under seal. The Parties shall follow the procedures set forth in Middle District of Florida Local Rule 1.09 in the event they need to seek the Court's permission to file material under seal.

## 2. DEFINITIONS

2.1    Action: The lawsuit entitled *FDIC v. Aultman et al.*, Case No. 2:13-cv-58-FtM-99SPC (M.D. Fla.).

2.2    Party: Any party to the Action, including all of its officers, directors, and employees.

2.3    Discovery Material: All information or items, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in the Action.

2.4    "Confidential": Information or items, regardless of how generated, stored, or maintained, that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including proprietary or commercially-sensitive business and financial information and trade secrets. Confidential material also includes, but is not limited to, OFR Exams (as defined below) and any documents received from the Federal Reserve Bank or the FDIC Division of Supervision and Compliance.

2.5    "Highly Confidential – Counsel Eyes Only": This material shall mean and include any and all highly sensitive commercial information that has a significant competitive

2

value as determined in good faith by the Designating Party. All "Highly Confidential – Counsel Eyes Only" information shall also be considered Confidential.

**2.6** <u>OFR Exams</u>: Reports of Examination issued by the Florida Office of Financial Regulation.

**2.7** <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

**2.8** <u>Producing Party</u>: A Party or non-party that produces Discovery Material.

**2.9** <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Counsel Eyes Only."

**2.10** <u>Privileged Material</u>: Information or items protected against discovery based on the attorney-client privilege, work product doctrine, or other legally recognized privilege, doctrine, right, or immunity.

**2.11** <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Counsel Eyes Only."

**2.12** <u>Outside Counsel</u>: Attorneys who are not employees of a Party, but who are retained to represent or advise a Party in the Action (and their support staff).

**2.13** <u>House Counsel</u>: Attorneys who are employees of a Party (and their support staff).

**2.14** <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel.

**2.15** <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action. This definition includes a professional jury or trial consultant retained in connection with the Action.

**2.16**   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, organizing, storing, or retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Order shall govern all Protected Material from a Producing Party in response to a discovery request or demand pursuant to subpoena, whether formal or informal, in or related to the Action.  Those protections shall also extend to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in other settings that might reveal Protected Material.

**4.   DURATION**

The confidentiality obligations imposed by this Order shall remain in effect after the termination of the Action until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

**5.1**   <u>Duty of Good Faith</u>.  Each Party or non-party shall use good faith in designating information or items for protection under this Order, making such designation only when there is a legitimate reason for the restrictions on disclosure called for by the designation.

**5.2**   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.,* second paragraph of Section 5.2(a)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "Confidential" or

"Highly Confidential – Counsel Eyes Only" on each page that contains Protected Material.  If the Protected Material is produced in an electronic form with a load file, the Producing Party shall note the degree of confidentiality of the Protected Material in the load file.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Counsel Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Counsel Eyes Only") on each page that contains Protected Material.

(b)     Any Party may designate, or counter designate with a higher designation, information or items produced by any Party or non-party that contains or is derived from that Party's own protected material.  Each Party that designates or counter designates such information or items will be treated as the Designating Party for purposes of this Order.

(c)     For testimony given in depositions or in other pretrial proceedings, a Party or non-party shall identify on the record, before the close of the deposition or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Counsel Eyes Only."  In the alternative, a Party or non-party may also designate the transcript (or any portion thereof) as "Confidential" or "Highly Confidential – Counsel Eyes Only" within thirty (30) days after counsel has received the transcript.  All information disclosed during the testimony shall be deemed "Highly Confidential

– Counsel Eyes Only" until the expiration of that thirty (30) day period, whether or not any portion of the transcript has been so designated previously, unless all Parties and interested non-parties have agreed that all or a portion of the testimony does not contain "Confidential" or "Highly Confidential – Counsel Eyes Only" information.

Transcripts that contain Protected Material must be labeled "Confidential" or "Highly Confidential – Counsel Eyes Only," as appropriate, in a way reasonably designed to notify users that portions of the transcript are governed by this Order.  If such a transcript is not labeled by the court reporter, any Party who maintains a copy of the transcript is responsible for complying with this labeling requirement.

On the request of a Party, any person not listed in Section 7.2 shall be excluded from any deposition during the period in which information that qualifies as "Confidential" is disclosed and any person not listed in Section 7.3 shall be excluded from any deposition during the period in which information that qualifies as "Highly Confidential – Counsel Eyes Only" is disclosed.

(d)   For electronically-stored information that cannot be labeled on each page, or other information produced in a form other than documentary, the Producing Party shall provide written notice of the designation of the Protected Material to the Receiving Party and affix the legend "Confidential" or "Highly Confidential – Counsel Eyes Only" in a prominent place on the medium used to produce the information or item or on the exterior of the container or containers in which the information or item is stored.  If the Protected Material is produced in an electronic form with a load file, the Producing Party shall note the degree of confidentiality of the Protected Material in the load file.  A Receiving Party shall not transmit information produced in accordance with this paragraph without informing any recipient of the information of its protected nature.

**5.3**     Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Counsel Eyes Only" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  In that event, the Designating Party shall promptly produce new copies of the material at issue, with the proper designation.  Upon receiving those copies, the Receiving Party shall promptly return or discard any copies that do not include the proper designation.  If the Receiving Party elects to discard any copies that do not include the proper designation, the Receiving Party shall confirm it has done so in writing to the Designating Party.

**5.4**     Designation By A Party of Information From a Non-Party.  In order to provide the Parties an adequate opportunity to designate Discovery Material as "Confidential" or "Highly Confidential – Counsel Eyes Only," all Discovery Material produced in the Action by third parties shall be deemed "Highly Confidential – Counsel Eyes Only," whether or not stamped with that legend, for a period of fifteen (15) days following production.  Furthermore, the inadvertent failure by any Party to designate Discovery Material produced by third parties as "Confidential" or "Highly Confidential – Counsel Eyes Only" within that fifteen (15) day period shall not waive a Party's right to later so designate such Discovery Material with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order.  The Receiving Party may challenge the designation of the documents as provided in Section 6 of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**      Timing of Challenges.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**      Meet and Confer.  A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by conferring directly with Outside Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.  A challenging Party may proceed to the next stage of the challenge process only after first engaging in this meet-and-confer process.

**6.3**      Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the Protected Material challenged and sets forth the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements set forth in Section 6.2 of this Order and that sets forth the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the Protected

Material in question the level of protection to which it is entitled under the Designating Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

    **7.1**    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with the Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that, in the Receiving Party's opinion, ensures that access is limited to the persons authorized under this Order.  Any person in possession of Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity.

    **7.2**    <u>Disclosure of Discovery Material Designated as "Confidential."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

    (a)     Outside Counsel of record in the Action, as well as their associated attorneys, paralegals, clerical staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (b)     any Party, including a Party's officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for the Action;

(c)      Experts (as defined in this Order) of the Receiving Party and their employees and support staff, to whom disclosure is reasonably necessary for the Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)      the Court and its personnel;

(e)      court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

(f)      during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(g)      the author of the document or the original source of the information;

(h)      any person who received or was sent the document in the ordinary course of business; and

(i)      an insurer or insurer's claims counsel to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**7.3**      <u>Disclosure of Discovery Material Designated as "Highly Confidential – Counsel Eyes Only."</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Counsel Eyes Only" only to:

(a)      the Receiving Party's Counsel of record in the Action, as well as their associated attorneys, paralegals, clerical staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(b)      if the Receiving Party is the FDIC, the FDIC's House Counsel, as well as their associated support staff;

(c)      Experts (as defined in this Order) of the Receiving Party and their employees and support staff, to whom disclosure is reasonably necessary for the Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

(f)      the author of the document or the original source of the information;

(g)      any person who received or was sent the document in the ordinary course of business; and

(h)      an insurer or insurer's claims counsel to whom disclosure is reasonably necessary for the Action and who has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**7.4**      <u>Disclosure of OFR Exams</u>.  OFR Exams shall be considered "Confidential," and subject to the same limitations and restrictions on disclosure as other "Confidential" material. Additionally, unless otherwise ordered by the Court or permitted in writing by the Producing Party, OFR Exams shall not be disclosed to any person not identified in this Order without the prior written approval of the Florida Office of Financial Regulation.

**7.5**      <u>Exceptions</u>.

(a)      Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit Counsel for a Party from disclosing Protected Material to the person whom the document identifies as a sender, author, or recipient of such Protected Material (including carbon

copy or blind carbon copy recipients).  Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness, without revealing any portion of the document or testimony other than that which refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of this Order.

(b)     Notwithstanding any other provision of this Order, nothing in this Order shall prohibit Counsel from disclosing Protected Material that is public knowledge or becomes public knowledge other than by an act or omission of the Receiving Party.  Moreover, nothing in this Order shall prohibit Counsel from disclosing Protected Material that is independently and lawfully developed or acquired by the Receiving Party from any source, other than the Designating Party or Producing Party, in lawful possession of such Protected Material.  The burden of proving public knowledge, prior possession, or independent acquisition shall be on the Receiving Party.  If a Designating Party believes that the Protected Material is not subject to disclosure under this paragraph, the Receiving Party may not disclose the Protected Material absent a ruling by the Court permitting such disclosure.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Counsel Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by e-mail or facsimile) immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  Additionally, if a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of OFR Exams, the Receiving

Party must also notify the Florida Office of Financial Regulations, in writing (by e-mail or facsimile) immediately and in no event more than five (5) court days after receiving the subpoena or order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

9.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

10.    **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Middle District of Florida Local Rule 1.09.

11.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of the Action, including but not limited to a final judgment entered herein, a settlement, or the date when all appeals are resolved, each Receiving Party must return all Protected Material to the Producing Party or destroy all Protected Material.  This includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification in the form of a letter or e-mail to Outside Counsel for the Producing Party within 5 business days of the sixty (60) day deadline that broadly identifies the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of the Action, including but not limited to a final judgment entered herein, a settlement, or the date when all appeals are resolved, each Receiving Party must either destroy all OFR Exams or return them to the Florida Office of Financial Regulation. Whether the OFR Exams are returned or destroyed, the Receiving Party must submit a written certification in the form of a letter or e-mail to the Florida Office of Financial Regulation that affirms that the Receiving Party has not retained any OFR Exams.

14

Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files that are not reasonably accessible.  Parties and their Counsel, however, shall not retrieve any Confidential or Highly Confidential – Counsel Eyes Only material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the Action.  Additionally, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

## 12.    RESPONSIBILITY OF ATTORNEYS; COPIES

Outside Counsel are responsible for employing reasonable measures to control and track, consistent with this Order, access to and distribution of Discovery Material, including abstracts and summaries thereof.

All Agreements to Be Bound by Protective Order ("Agreements to Be Bound") shall be maintained by Outside Counsel for the Party causing the Agreements to Be Bound to be executed through the conclusion of this Action.  Except upon order of the Court based on a showing of good cause, a Party receiving and maintaining an Agreement to Be Bound during the litigation of this Action is under no obligation to provide copies of such Agreements to Be Bound to any Producing Party or any other individual or entity.

## 13.    NO WAIVER OF PRIVILEGE

If a Producing Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for the inadvertently produced document or any

other document covering the same or a similar subject matter under applicable law, including

Federal Rule of Evidence 502.  The Parties agree that (1) absent exceptional circumstances, a

statement by a Producing Party that a production of Privileged Material was inadvertent shall be

dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material;

and (3) a Producing Party shall be deemed to have taken prompt steps to rectify the inadvertent

production of Privileged Material if it notifies the Receiving Party within fourteen (14) calendar

days of learning of the inadvertent production.  If a Producing Party has inadvertently or

mistakenly produced Privileged Material, and if the Producing Party makes a written request for

the return of such Privileged Material, the Privileged Material for which a claim of inadvertent

production is made (including any analyses, memoranda or notes which were internally

generated based upon such inadvertently-produced Privileged Material), as well as all copies,

shall be either sequestered or returned within ten (10) business days regardless of whether the

Receiving Party disputes the claim of privilege.  The Producing Party shall provide sufficient

information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege

log.  If the Receiving Party disputes the Producing Party's assertion of privilege, the Receiving

Party may move the Court for an order compelling production of the material, but such motion

shall not assert the fact or circumstance of the inadvertent production as a ground for entering

such an order.  Subject to the Court's direction, resolution of the issue may include the Court's

review of the potentially Privileged Material *in camera*.

## 14.    NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT

Notwithstanding the provisions of this Order, Producing Parties may redact from any

Discovery Material, whether designated as Protected Material or not, any information containing

Privileged Material or any irrelevant trade secrets or other highly confidential research,

development, or commercial information, or any other data protected from disclosure by State or

Federal regulations.  If, after reviewing Discovery Material containing a redaction a Receiving Party has a good faith basis for challenging the redaction, the Parties shall initially attempt to resolve the issue through meet-and-confer discussions.  If those discussions prove unsuccessful, the challenging Party may move for a ruling by the Court on whether the Discovery Material is entitled to redaction, which may, where legally permitted, necessitate an *in camera* inspection of the document in non-redacted form by the Court.  If the Court orders that the redacted portion of said Discovery Material should remain redacted, then the redacted portion of said Discovery Material may not be used as evidence by any Party at trial or at a hearing and may not be relied upon by any Party's Experts.  If the Court orders that the redacted portion of said Discovery Material is not entitled to redaction, and if the Court orders the Producing Party to produce the Discovery Material without redaction, then the Producing Party shall produce the Discovery Material in non-redacted form.  Unless expressly ordered otherwise by the Court, a finding that Discovery Material is not entitled to redaction shall have no effect on the status of the Discovery Material as Protected Material.

## 15.   MISCELLANEOUS

**15.1**   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**15.2**   <u>Right to Assert Other Objections</u>.  Nothing in this Order shall be deemed a waiver of the right of any Party to object to discovery that it believes to be otherwise improper on any available grounds or to object to the authenticity or admissibility of any document, testimony, or other evidence.

//

//

//

//

//

      The undersigned counsel-of-record for the parties hereby stipulate and consent to entry of the foregoing Stipulated Protective Order:


Dated:  April 17, 2013

                  *Jason Kellogg*
                  Lawrence Kellogg (Florida Bar No. 328601)
                  Jason Kellogg (Florida Bar No. 0578401)
                  LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
                  201 So. Biscayne Boulevard, 22nd Floor
                  Miami, FL 33131
                  Telephone:  (305) 403-8788
                  E-mail:  jk@lklsg.com
                          lak@lklsg.com


                  ***Attorneys for Defendants***

Dated:  April 17, 2013

                  *Jason Kellogg* for
                  Dennis S. Klein, Esq. (Florida Bar No. 91767)
                  HUGHES HUBBARD & REED
                  201 South Biscayne Boulevard, Suite 2500
                  Miami Florida  33131-4305
                  Telephone: (305) 358-1666
                  E-mail: klein@hugheshubbard.com

                  ***Attorneys for Plaintiff***


**DONE AND ORDERED** in Fort Myers, Florida, this 18th day of April, 2013.


                  *Sheri Polster Chappell*
                  SHERI POLSTER CHAPPELL
                  UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY STIPULATED PROTECTIVE ORDER**

I, _____ [name], of _____

_____ [company, full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Middle District of Florida on _____ [date] in the

action entitled *FDIC v. Aultman et al.*, Case No. 2:13-cv-58-FtM-99SPC (M.D. Fla.).  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I specifically understand and acknowledge that willful

violations of Section 655.057 and 655.059 of the Florida Statutes, which govern the

confidentiality of the records of Florida financial institutions and of the Florida Office of

Financial Regulation, constitute felonies of the third degree.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Middle District of Florida for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [name] of

_____ [address and telephone

number] as my Florida agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Printed Name: _____

Date: _____

City and State where sworn and signed:  _____

Signature:  _____