# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Orion
Bank of Naples, Florida

       Plaintiff,

v.                                  Case No:  2:13-cv-58-FtM-38UAM

JAMES AULTMAN, EARL
HOLLAND, ALAN PRATT and
BRIAN SCHMITT,

       Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on Defendants James Aultman, Earl Holland, and Brian Schmitt's Motion to Dismiss Amended Class Action Complaint (Doc. #15) filed on March 22, 2013.  Defendants also filed a Request for Oral Argument on Dispositive Motion (Doc. #16) on March 22, 2013.  Plaintiff, Federal Deposit Insurance Corporation, as receiver for Orion Bank of Naples, Florida, filed a response in opposition (Doc. #29) on April 19, 2013.  Defendants filed a Reply in Support of Defendant's Motion to Dismiss (Doc. #38) on June 3, 2013.  Plaintiff filed a Sur-Reply in Support of its

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Opposition to Defendants' Motion to Dismiss (Doc. #42) on June 26, 2013.  Thus, the Motion is now ripe for review.

## **BACKGROUND**

Plaintiff initiated this action by filing a two-count Complaint for Recovery of Damages (Doc. #1) on January 29, 2013.  The Complaint alleges that Plaintiff suffered losses in excess of $53 million as a result of Defendants James Aultman, Earl Holland, Alan Pratt, and Brian Schmitt's gross negligence.[2]

Plaintiff FDIC is a corporation organized under 12 U.S.C. § 1811, et. seq., and charged with, among other duties, the orderly liquidation of failed banks.  Orion was chartered as a Florida bank and was a Federal Reserve Member.  On November 13, 2009, the Florida Office of Financial Regulation ("FOFR") closed Orion and the FDIC was named as receiver ("FDIC-R").  Defendant James Aultman was a director of Orion from 1992 until the Bank failed; Defendant Earl Holland was a director of Orion from 1987 until the Bank failed; and Defendant Brian Schmitt was a director of Orion from 1997 until the Bank failed.  All Defendants were also members of the Bank's Board Loan Committee ("BLC") at all relevant times.

In both Counts, Plaintiff alleges that each of the Defendants, as directors of Orion and members of the Bank's BLC, owed the Bank the obligation to exercise the degree of diligence, care, and skill that ordinarily prudent persons in like positions would exercise under similar circumstances.  In Count I, Plaintiff alleges that Defendants were grossly negligent and therefore breached their statutory and common law duties of care owed to Orion by permitting the Bank to pursue an excessively risky and aggressive

---

[2] Plaintiff has been unable to successfully locate and serve Alan Pratt.  Thus, Aultman, Holland, and Schmitt are hereinafter referred to as "Defendants."

growth strategy characterized by the accumulation of excessive concentrations of commercial real estate ("CRE") and acquisition, development, and construction ("ADC") loans and disregard for prudent risk management and underwriting. Plaintiff alleges that on August 20, 2008, when regulators gave the Bank a composite rating of 4, including a 4 for management, Defendants were aware that their oversight of the Bank was deficient. Plaintiff alleges that despite these warnings, Defendants took no action to improve the Bank's position.

In Count II, Plaintiff alleges that Defendants owed Orion a duty to inform themselves about, and then carefully evaluate, loans presented to them for their approval. Plaintiff alleges that Defendants exhibited gross negligence by approving loans after inadequate review and despite underwriting deficiencies. Plaintiff states that Defendants permitted Jerry Williams, Orion's Chief Executive Officer, to effectively become the Bank's sole decision-maker. Plaintiff alleges that Defendants approved Williams' decisions and rubberstamped any loan Williams proposed without meaningful review or consideration. As an example, the Complaint alleges that in 2008, Francesco Mileto ("Mileto") was approved for more than $45 million in loans and lines of credit. Plaintiff alleges that Defendants never conducted an investigation into or attempted to verify Mileto's representations as to his enormous personal wealth, even though the Mileto loans took the Bank to its legal lending limit. Plaintiff states that even after Defendants became aware that the Bank was failing, they took no action to improve the Bank's position. On November 13, 2009, Orion failed, causing an estimated loss of $880 million to the Deposit Insurance Fund.

Defendants now move to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as required by Fed. R. Civ. P. 8.

## DISCUSSION

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, S. Ct. 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face.  Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the

[plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004), has been retired by Twombly. James River Insurance Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In ruling on a Rule 12(b)(6) motion, the court focuses principally on the complaint, but may also consider documents attached to a pleading. See Fed. R. Civ. P. 10(c). The Court has considered the Complaint, to which no exhibits were attached. There were ten (10) exhibits[3] attached to the Motion to Dismiss. Plaintiff does not

---

[3] The FDIC's Victim Impact Statement in United States v. Williams (Ex. 1); the Sentencing Transcript for October 25, 2011 in United States v. Hebble (Ex. 2); two excerpts from the Bank's Loan Policy (Ex. 3, 8); the FDIC's Memorandum in Aid of Sentencing in United States v. Guerzon (Ex. 4); the June 12, 2012 Sentencing Transcript in United States v. Williams (Ex. 5); minutes from the Bank's Board Loan Committee meeting on June 29, 2009 (Ex. 6); the Written Agreement between Orion and FOFR (Ex. 7);

dispute the contents of any of the exhibits, but disputes their consideration at this stage of the proceedings.  As Exhibits 3, 6, 7, 8, and 10 are referenced in the Complaint (¶¶ 19, 20, 21, 26, 38, 39, 42, 49, 52, 63, 67), it is proper for the Court to consider these documents at the motion to dismiss stage.  Fed. R. Civ. P. 10(c); Harris, 182 F.3d at 802 n.2.

With regard to all Defendants, Plaintiff has brought Count I for breach of duty of care for grossly negligent failure to adequately supervise Orion's lending, and Count II for breach of duty of care for grossly negligent direct approval of obviously risky loans.  Defendants attack these Counts based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, essentially arguing that Plaintiff has not alleged enough facts to state a claim for gross negligence of bank directors under the Financial Institutions Reform, Recovery and Enforcement Act of 1989.

## I.     Gross Negligence (Counts I and II)

Defendants argue that both Counts in the Complaint are implausible and should be dismissed because Plaintiff has failed to show that Defendants were grossly negligent.  Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the FDIC-R may hold directors of a failed bank liable for their gross negligence.  12 U.S.C. § 1821(k).  Gross negligence provides the "floor" for director liability and permits claims against directors even where state law requires greater culpability.  Atheron v. FDIC, 519 U.S. 213 (1997); see also FDIC v. Stahl, 89 F.3d 1510, 1516 (11th Cir. 1996).  FIRREA incorporates the definition of gross negligence provided by relevant state law.  RTC v. Fiala, 870 F. Supp. 962 (E.D. Mo. 1994).  Orion

---

the March 3, 2006 Commercial Bank Report of Examination (Ex. 9); and the Prompt Corrective Action Directive requiring Williams' dismissal from the Bank (Ex. 10).

was chartered as a Florida bank and all Defendants were residents of, and conducted their business in Florida.  Therefore, the Court looks to Florida law for the definition of gross negligence.  Florida courts have defined gross negligence as "an act or omission that a reasonable, prudent person would know is likely to result in injury to another." Turner v. PCR, Inc., 754 So.2d 683, 687, n.3 (Fla. 2000) (citation omitted).  Florida statutes define gross negligence as conduct "so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."  Fla. Stat. § 768.71(2)(b).  The Florida statute governing liability of directors of business organizations requires a showing of "conscious disregard for the best interest of the corporation, or willful misconduct."  Fla. Stat. §607.0831(1)(b)(4).

Defendants also argue that Plaintiff's claims must overcome Florida's business judgment rule, which presumes that directors have acted in good faith.  However, courts have found application of the business judgment rule a question of fact and therefore questionable in ruling on a motion to dismiss.  See, e.g., FDIC v. Stahl, 840 F. Supp. 124, 128 (S.D. Fla. 1993); see also Ashcroft, 556 U.S. at 675 ("[e]valuating the sufficiency of a complaint is not a 'fact-based' question of law").  Even if considering the business judgment rule appropriate, it would still only require Plaintiff to plead gross negligence.  Thus, the business judgment rule does not provide a heightened standard by which to evaluate the legal sufficiency of the Complaint.

In FDIC v. Price, No. 2:12-cv-00148-UA-DNF, 2012 WL 3242316, at *4 (M.D. Fla. 2012), the court recognized that allegations of ignored regulatory warnings, approved loans despite inadequate collateral, and approved loans to borrowers/guarantors who

had not demonstrated sufficient ability to repay, were sufficient to state a claim for gross negligence under FIRREA.  Similarly, in this case, the Complaint specifically alleges numerous acts and omissions of Defendants that, if true, support Plaintiff's contention that they were "likely to result in injury" to the Bank and that exhibited "conscious disregard" for the Bank's best interest.  In Count I, Plaintiff alleges that Defendants permitted the Bank to pursue a risky and aggressive growth strategy characterized by accumulation of excessive concentrations in CRE and ADC loans and disregard for prudent risk management and underwriting.  By way of example, Plaintiff specifically details events surrounding the Mileto loans that, if true, show that Defendants allowed Williams to approve such loans without questioning him or his practices.  The Complaint also alleges that Defendants consciously disregarded repeated communications from regulators criticizing the Bank's underwriting and warning Defendants about the dangers of the Bank's excessive concentration in CRE and ADC loans.

In Count II, Plaintiff alleges that Defendants were grossly negligent in approving without reviewing or independently evaluating loans proposed by Williams and in failing to ensure adequate verification of borrower financial information.  The Complaint alleges that Defendants approved millions of dollars in loans without verifying borrowers' represented assets.  Plaintiff also alleges that board meeting minutes show Defendants asked no questions about the proposed loans before approving them.

Defendants also argue that both Counts are implausible because they are based largely on a heightened duty imposed by the Written Agreement of August 25, 2008. (Doc. #15 Ex. 7).  Under Florida law, gross negligence is to be determined "under all of the circumstances and in light of all the related factors taken collectively."  *BDO*

Seidman, LLP v. Banco Espirito Santo Intern., 38 So. 3d 874, 879 (Fla. Dist. Ct. App. 2010).   The Complaint alleges that the Written Agreement was adopted to improve board oversight, manage its concentration risks, and enhance its lending and credit administration.   Plaintiff alleges that the Written Agreement, in conjunction with the warnings from regulators, put Defendants on notice that their review of loans had been deficient in the past.   Additionally, the Complaint alleges that Defendants had a heightened duty as BLC members after the Written Agreement was signed, even though Defendants argue that the Written Agreement did not create a heightened duty with respect to the Mileto loans.   However, even if the Written Agreement imposed no heightened duty on Defendants with regard to the Mileto loans, the Complaint sufficiently alleges enough other facts to state a claim for gross negligence.

## II.   Grossly Negligent Failure to Adequately Supervise the Bank's Lending—Breach of Duty of Care (Count I)

With respect to Count I of the Complaint, Defendants argue that there is an "alternative explanation" for Defendants' approval of most, if not all, loans.  Defendants' argument must fail.   In considering a motion to dismiss, this Court is not bound to consider every alternative, but is to accept as true all factual allegations in the complaint and construe the facts in the light most favorable to plaintiff.   Erickson, 551 U.S. 89; Christopher, 536 U.S. 403.   At this stage in the proceedings, the Court reviews the complaint to determine whether Plaintiff has alleged facts showing its entitlement to relief, and if it has, the Court may not grant a motion to dismiss.   Id.   Thus, the Court need not consider Defendants' "alternative explanation," having found that Plaintiff has alleged sufficient facts to make its entitlement to relief plausible.

Additionally, Defendants argue that Plaintiff's claim ignores the economic conditions in the country that caused several other banks to fail around the same time that Orion failed.  Although economic conditions may be considered in the totality of the circumstances, Defendants essentially argue that the economic recession, not Defendants' conduct, was the proximate cause of the Bank's failure.  Proximate cause is a fact-sensitive determination inappropriate for consideration on a motion to dismiss. In re Flagship Healthcare, Inc., 269 B.R. 721, 729 (Bankr. S.D. Fla. 2001); see also FDIC ex rel. Wheatland Bank v. Spangler, 836 F. Supp. 2d 778, 787 (N.D. Ill. 2011). Thus, the purported ignorance of the economic recession in the Complaint will not support dismissal at this stage of the proceedings.

Based on the foregoing, the Court finds that Plaintiff's allegations with respect to Count I of its Complaint are sufficient to raise its right to relief above a speculative level. Therefore, Defendants' Motion to Dismiss with respect to Count I is denied.

### III.   Grossly Negligent Direct Approval of Obviously Risky Loans—Breach of Duty of Care (Count II)

Defendants assert that Plaintiff's claim relating to the Mileto loans (Count II) is implausible.  In support of this assertion, Defendants rely on statements made by the Government and the FDIC in criminal cases against Williams, Mileto, and two co-conspiring loan officers.  The Court determined above that it may not look to these statements in considering the Motion to Dismiss.  Fed. R. Civ. P. 10(c).  For this reason, Defendants ask the Court to take judicial notice of the FDIC's Victim Impact Statement from Williams' criminal case (Doc. #15 Ex. 1), the transcript of the October 25, 2011 sentencing proceeding for Thomas Hebble (Doc. #15 Ex. 2), the Memorandum in Aid of

Sentencing submitted by the United States Attorney (Doc. #15 Ex. 4), and the transcript of the June 12, 2012 sentencing proceeding for Jerry Williams (Doc. #15 Ex. 5).

At the motion to dismiss stage of the proceedings, a court may take judicial notice of public records that are "not subject to reasonable dispute" and readily determinable to be accurate.  Horne v. Potter, 392 F. App'x. 800, 802 (11th Cir. 2010) (citing Fed. R. Evid. 201(b)).  The Eleventh Circuit has instructed that a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted . . . but rather to establish the fact of such litigation and related filings."  United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).  Because the Defendants ask the Court to take judicial notice of the statements made in the criminal cases for the truth of the matters asserted therein, the Court will not take judicial notice of the statements in Exhibits 1, 2, 4, and 5.

Defendants also argue that the Complaint fails to set forth plausible allegations as to exactly how Defendants' review of the Mileto loans was "grossly and obviously inadequate" or how underwriting deficiencies were "obvious."  To set forth a claim under FIRREA, Plaintiff must allege some facts that Defendants were grossly negligent in their approval of the loans.  12 U.S.C. § 1821(k).  The complaint need only set forth enough factual allegations to provide grounds for Plaintiff's entitlement to relief.  Twombly, 550 U.S. at 555.  This standard does not require Plaintiff to plead every fact necessary to prevail at trial, but only to "raise a right to relief above the speculative level."  Id.  The Complaint alleges that although the Bank's loan policy required verification of assets that borrowers listed on financial statements, no meaningful investigation into or attempt at verification of Mileto's representations as to his personal wealth were made.  The

Complaint also alleges that certain board meeting minutes[4] did not contain any record of any of the Defendants asking any questions about Mileto or why he was willing to purchase nonperforming loans for full or close to full value.   Nonetheless, according to the Complaint, Defendants unanimously approved loans, immediately taking the Bank to its legal lending limit despite being backed by no personal guarantees.   Plaintiff also alleges that in one meeting lasting 80 minutes, Defendants approved over $70 million in 21 separate loans, and in a 60 minute meeting,[5] they approved over $140 million in 20 loans.   Furthermore, the Complaint alleges that after signing the Written Agreement and receiving repeated warnings from regulators about deficient underwriting practices, Defendants were or should have been aware of the deficiencies in the underwriting process and their review of the loans.   These are just a sampling of the allegations raised by Plaintiff.

Thus, the Court finds that Plaintiff's allegations are sufficient at this stage of the proceedings to state a claim for gross negligence.   Consequently, the Court denies Defendants' Motion to Dismiss with respect to Count II.

Accordingly, it is now

---

[4] Defendants argue that Plaintiff's reliance on minutes from two board meetings is misguided because the Complaint does not allege that other meetings recorded every question asked by the directors. Defendants claim that Plaintiff's allegations that Defendants spent four minutes reviewing each loan are unsupported by testimony or witness statements.   Whether the Complaint's allegations are supported by evidence is not the question at the motion to dismiss stage.   Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).   A well-pleaded complaint may not be dismissed even if the Court finds "that actual proof of those [alleged] facts is improbable." Id.

[5] Defendants argue that the case against Defendant Schmitt should be dismissed because the minutes show that Defendant Schmitt was not present at the meeting. (Doc. #15, Ex. 6).   However, the Complaint does not specifically allege that Defendant Schmitt was present at the meeting, but rather, that no Defendant asked any question at that meeting.   All of Plaintiff's other allegations apply to Defendant Schmitt.   Additionally, relying on FDIC v. Spangler, Plaintiffs argue that directors of a failed bank do not immunize themselves from liability by being absent from board and committee meetings. 836 F. Supp. 2d at 789.   For these reasons, the Court finds that the fact that Defendant Schmitt was not present at the June 29, 2009 meeting is not sufficient to dismiss the case against him.

**ORDERED:**

(1) Defendants James Aultman, Earl Holland, and Brian Schmitt's Motion to Dismiss Amended Class Action Complaint (Doc. #15) is **DENIED**.

(2) Defendants James Aultman, Earl Holland, and Brian Schmitt's Request for Oral Argument on Dispositive Motion to Dismiss Complaint (Doc. #16) is **DENIED**.

(3) Defendants are **directed** to file an answer to Plaintiff's Complaint within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record